(JS-6)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-0098 JGB (SPx) | Date | October 15, 2025 |
| Title | Steve Paz v. California Department of Corrections and Rehabilitations | | |

Present: The Honorable **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

     On January 2, 2025, Plaintiff Steve Paz ("Plaintiff") filed a complaint against Defendant California Department of Corrections and Rehabilitations ("Defendant"). ("Complaint," Dkt. No. 1.) On June 16, 2025, Judge Wesley L. Hsu granted Plaintiff's request to proceed without prepayment of filing fees. (Dkt. No. 13.) On September 25, 2025, the Court ordered Plaintiff to show cause in writing on or before **October 3, 2025** as to why this action should not be dismissed for lack of prosecution. ("OSC," Dkt. No. 17.) Plaintiff had failed to serve the summons and complaint on defendant within 90 days after the complaint is filed pursuant to Fed. R. Civ. Proc. 4(m). The OSC warned Plaintiff that "[f]ailure to adequately respond to this order will result in the dismissal of this case." (Id.) To date, Plaintiff has not complied with this Court's order to show cause and has not filed a proof of service.

     Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

     Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Plaintiff has unreasonably delayed this action by refusing to meet and confer with Defendant regarding its Motion (See Motion at 2), then failing to comply with L.R. 7-9 and this Court's OSC without explanation. Additional delay will prejudice Defendant. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic. The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**